UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 11-20524-CIV-MORENO**

VIÑA DOÑA PAULA, S.A.,

    Plaintiff,

vs.

VINEYARD BRANDS, INC.,

    Defendant.
_____/

## ORDER OF TRANSFER

THIS CAUSE came before the Court upon Defendant's Motion for Transfer of Venue Under 28 U.S.C. §1404(a) **(D.E. No. 12)**. The Court grants the motion, finding that this case, involving the Plaintiff Argentinian company and the Defendant California company, should be transferred to the Northern District of California because the Defendant filed its lawsuit against the Plaintiff a week earlier than the instant action.

### BACKGROUND

Plaintiff Viña Doña Paula is an Argentinian company, with its principal place of business in Mendoza, Argentina. It produces wine. Vineyard Brands is a California corporation, with its principal place of business in Birmingham, Alabama. Complaint ¶¶ 13-21. Doña Paula brought the instant action against Vineyard Brands for breach of contract as the result of the dissolution of the business relationship between the two. Id.

Doña Paula's parent company is Viña Santa Rita, S.A., a company organized under the laws of the Republic of Chile. Id. On February 8, 2011, Vineyard filed a civil action against Doña Paula

and Santa Rita in the Northern District of California. Vineyard effected personal service on the registered agent of another subsidiary of Santa Rita, Santa Rita USA Corporation. Santa Rita USA Corporation is incorporated in Florida. Vineyard also served counsel for Doña Paula with a request for waiver of service of the Summons and Complaint in the California case.

On February 15, 2011, Doña Paula filed the instant action in this Court. On March 14, 2011, Doña Paula entered an appearance in the Northen District of California, reserving objections and requesting an extension for their response.

## ANALYSIS

A district court "may transfer any civil action to any other district or division where it might have been brought" if the transfer would make the litigation more convenient or would otherwise serve the interests of justice. 28 U.S.C. § 1404(a); *In re Ricoh Corporation*, 870 F.2d 570, 572 (11th Cir. 1989). The standard for transfer under § 1404(a) gives the trial court broad discretion, which is only overturned where it is abused. *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991)(holding the trial court did not abuse discretion by transferring a case that would impose financial hardship on a party no matter where it was heard.) The analysis is two-pronged. First, the Court must determine if the Plaintiff could have brought this action in the Northern District of California. *See Mason v. Smithkline Beecham Clinical Laboratories*, 146 F.Supp.2d 1355, 1359 (S.D. Fla. 2001). Second, the Court must consider if the interests of justice favor transfer by balancing private and public factors. *Id.* (citing *Miot v. Kechigian*, 830 F.Supp. 1460, 1465-66 (S.D. Fla. 1993)).

In support of its Motion, Vineyard contends that transfer is warranted because there is a case involving the same parties and issues filed first in the Northern District of California. Vineyard

further contends that venue, personal jurisdiction over Vineyard and subject matter jurisdiction all exist in the Northern District of California. In opposition, Doña Paula counters the first-filed rule should be given little weight because Vineyard forum-shopped in the midst of communication between parties aimed at resolving the matter. Doña Paula further counters that Florida is the better forum primarily due to the convenience to the parties and witnesses.

Because the parties do not dispute that the instant action could have been brought in the Northern District of California, the Court is left to determine if the interests of justice favor transfer.

**A. First-Filed Rule**

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *see also Global Innovation Tech. Holdings, LLC v. Acer Am. Corp.*, 634 F. Supp. 2d 1346, 1348 (S.D. Fl. 2009). The "burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule" falls to the party objecting to jurisdiction in the first-filed forum. *Id.*

The parties overlap between the present action and the action in the Northern District of California. Doña Paula and Vineyard are both parties to the action in the Northern District of California but that action also includes Santa Rita, Doña Paula's parent company. Doña Paula does not contest any lack of commonality of parties in its opposition of transfer.

The issues are overlapping between the two actions. The Complaint before the Northern District of California explains Vineyard "has withheld payments to Doña Paula for certain wine shipments made immediately before the January 4, 2011 termination notice." Defendant's Motion to Transfer, Exhibit 1, ¶45. The Complaint before the Court states "On January 4, 2011, Doña Paula

advised Vineyard Brands that it would not accept future orders" and "Vineyard Brands indicated it would not pay the amounts past due and that it would not pay for the orders already shipped." Complaint, ¶¶ 19-20.

Doña Paula contends that there was a race to the courthouse in the present case and that the stealth filing of Vineyard should deny them the beneficial presumption of the first-filed rule. However, the letters between the parties simply show that Vineyard requested a termination payment and displayed its willingness to litigate the issues surrounding the dissolution of its relationship with Doña Paula if a termination payment was not provided. Doña Paula rejected the possibility of a termination payment. Vineyard filed the action in the Northern District of California.

### B. Convenience to Parties and Witnesses

As Vineyard is a California corporation and Doña Paula is an Argentinian company, there is no compelling reason presented by Doña Paula as to why the Northern District of California is less convenient than the Southern District of Florida. The convenience to witnesses is not so lopsided, given the likelihood that witnesses will be drawn from both South America and North America, as to create a compelling reason to overlook the first-filed rule.

### C. Interests of Justice

The totality of the circumstances favor transfer of the action to the Northern District of California. The means of the parties are not in question. Both fora are equipped and able to address the legal claims at issue. There is no locus of operative facts in a traditional sense as this matter involves international business agreements of a South American wine-producer and a national

distributor. Similarly, neither consideration of the process of service on unwilling witnesses nor the location of documents, creates compelling reasons to overlook the first-filed rule. The interests of justice, as determined through balancing of public and private interests, do not create a compelling reason not to transfer this case to the Northern District of California.

## CONCLUSION

Vineyard Brands is a California corporation that distributes wine. Viña Doña Paula is a wine producer in Argentina. The resulting business relationship built a lush interlace of shipping ports, employees, distributors and company properties threading across the United States. But the intertwine did not harvest any fruit of compelling circumstances that warrant an exception to the first-filed rule. Accordingly it is

**ADJUDGED** that the Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a) **(D.E. No. 12)**, filed on **March 23, 2011**, is **GRANTED**. It is further

**ADJUDGED** that this action, case number **11-20524-CIV-MORENO** is hereby **TRANSFERRED** to the United States District Court for the Northern District of California. Finally, it is

**ADJUDGED** that all pending motions are **DENIED** as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of September, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record